ALLONGO, PLAINTIFF AND APPELLANT, v. BELAVAL, DEFENDANT AND RESPONDENT.

Appeal from the District Court of Ponce.

No. 1011.—Decided November 13, 1913.

APPEAL—DISMISSAL OF APPEAL—TRANSCRIPT OF RECORD—OMISSION OF COPY OF JUDGMENT.—When the transcript of the record in an appeal from a judgment does not contain a copy of the judgment appealed from, the appeal should be dismissed for lack of jurisdiction in this court.

The facts are stated in the opinion.
*Mr. Francisco Jiménez* for appellant.
*Messrs. Horacio S. Belaval* and *José A. Poventud* for respondent.

Mr. Justice del Toro delivered the opinion of the court.

An action for damages was brought in the District Court of Ponce by Manuel Allongo Muñiz against José Sastraño Belaval as Registrar of Property of Ponce, which he was at that time. The defendant demurred to the complaint and his demurrer was sustained by the court on July 22, 1913. Not being satisfied "with the judgment rendered," the plaintiff appealed therefrom to this court.

The transcript of the record having been brought up and the hearing set for November 12, 1913, the respondent appeared and moved that the appeal be dismissed because the transcript of the record contained no copy of the judgment appealed from.

We have examined carefully the said transcript of the record and find that it contains only the ruling of the lower court sustaining the demurrer and ordering that judgment be entered dismissing the complaint with costs against the plaintiff. No copy of the judgment entered, if it were really entered, appears in the transcript of the record, and therefore the appeal from a judgment whose existence has not been proved must be dismissed according to law and jurisprudence. Sections 299 (amended by Act No. 70 of 1911), 233 and 303 of the Code of Civil Procedure and the cases of *Jiménez* v. *Olmedo,* 13 P. R. R., 296, and *Hernández* v. *Hernández et al., ante* p. 987, and *López* v. *López, ante* p. 990.

*Appeal dismissed.*

Chief Justice Hernández and Justices Wolf and Aldrey concurred.

Mr. Justice MacLeary took no part in this decision.